**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0463-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JALONN LASSITER, a/k/a
JALOON LASSITER,

    Defendant-Appellant.

_____

          Submitted December 15, 2025 – Decided December 19, 2025

          Before Judges Sabatino and Bergman.

          On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 04-10-1210.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the briefs).

          William A. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jalonn Lassiter, who was convicted of felony murder and other crimes in 2006, appeals the trial court's denial of his third petition for post-conviction relief ("PCR"). We affirm.

We incorporate by reference the salient facts recounted in our previous opinions affirming defendant's conviction on direct appeal and thereafter denying his appeal of his first PCR petition.

Briefly stated, defendant was involved in a drug transaction that went awry in 2004. During the incident, the victim Tyshon Davis was shot and killed by defendant. Defendant initially asserted in a police statement that the fatal shooting was accidental. At his jury trial, he additionally attempted to argue the shooting was justified in the defense of others, although the jury was not instructed on that defense

Defendant was found guilty of felony murder and other offenses. He was sentenced to life in prison without parole. We affirmed defendant's conviction and sentence in June 2009. See State v. Lassiter, No. A-4618-06 (App. Div. June 19, 2009). He did not petition for certification.

Defendant's first PCR petition alleging ineffective assistance of his trial counsel was denied in February 2011 without an evidentiary hearing. We affirmed that denial. State v. Lassiter, No. A-0501-11 (App. Div. Apr. 19,

2013).  The Supreme Court denied certification. <u>State v. Lassiter</u>, 216 N.J. 14 (2013).

In September 2014, defendant filed a self-represented second PCR petition.  Among other contentions, his second petition asserted that one of the police detectives at the scene of the crime, Detective Leon Davis, was related to Tyshon Davis, the victim.  He alleged that Detective Davis was the first to arrive at the scene of the crime and had removed a gun from the victim's waistband.  Defendant provided no evidence to support those assertions.  The trial court denied that second petition on January 6, 2015.  Notably, defendant failed to appeal the second PCR denial.

The present appeal stems from defendant's third PCR petition, which he pursued with the benefit of counsel.  Defendant argues he should have a new trial based on newly discovered evidence:  Confirmation that the victim was indeed related to Detective Davis.  Defendant points to transcripts of telephone calls made by a private investigator to both Detective Davis and Ricardo Berrios, a friend of the victim who witnessed the aftermath of the shooting, both of whom confirmed the victim was Detective Davis's cousin.  Berrios also mentioned he vaguely recalled seeing the victim's body lying in the fetal position, although it was photographed by police lying face up.

3

Defendant claims the familial relationship and Berrios's recollection of the body's positioning proves his theory, presented at trial, that someone had arrived at the scene before the police and removed a gun from the victim's body. Whether the victim was armed was relevant at trial because at that time defendant attempted to present a theory of defense of others. By contrast, on this current appeal defendant contends he shot the victim in self-defense, allegedly in response to the victim pointing a gun at him.

The PCR court denied defendant's petition without an evidentiary hearing. First, the judge found the petition was procedurally barred as untimely under Rule 3:22-4(b)(2)(B), because evidence of the detective's familial relationship with the victim could have been discovered earlier through reasonable diligence. In particular, the PCR noted that an investigative report from 2004, which would have been available to the defendant at his trial, reflected that the victim and Detective Davis shared a surname, and that the detective had been communicating with the victim's family.

The PCR judge further determined because, with reasonable diligence, this evidence should have been discovered, defendant was not entitled to a new trial under prong two of the three-part test of State v. Carter, which requires a defendant to show the evidence at issue was "not discoverable by reasonable

4

diligence beforehand." 85 N.J. 300, 314 (1981). The judge also analyzed the remaining two prongs of the Carter test and determined even if the evidence was not reasonably discoverable, it would not entitle defendant to a new trial because it likely would not have impacted the verdict. In his written decision, the PCR judge underscored that at trial, defendant primarily relied on a statement he had made to police in which he had claimed the shooting was an accident, not one made in self-defense.

On appeal, defendant requests a new trial or an evidentiary hearing. He argues that the evidence was not discoverable at the time of trial based on the detective and the victim sharing a surname alone because "Davis" is a common surname. He also contends that enforcing a procedural bar here would amount to a fundamental injustice. More specifically, defendant presents the following points in his counseled brief:

POINT I

THE PETITION RELYING UPON NEWLY DISCOVERED EVIDENCE WAS NOT PROCEDURALLY BARRED BECAUSE EVIDENCE THAT A DETECTIVE AT THE CRIME SCENE WAS RELATED TO THE VICTIM WAS NOT REASONABLY DISCOVERABLE BY REVIEW OF THE INVESTIGATION REPORTS; IT WAS A FUNDAMENTAL INJUSTICE TO DENY PETITIONER THE OPPORTUNITY TO ARGUE AT TRIAL THE IMPLICATIONS OF THE PRESENCE

5

OF THIS DETECTIVE AND OTHER VICTIM'S RELATIVES AT THE CRIME SCENE IN LIGHT OF THE TRIAL EVIDENCE.

POINT II

PETITIONER IS ENTITLED TO A NEW TRIAL BECAUSE THE NEWLY [DISCOVERED] EVIDENCE WAS NOT CUMULATIVE OR MERELY IMPEACHING AND WAS NOT DISCOVERABLE THROUGH REASONABLE DILIGENCE; IN THE CONTEXT OF PETITIONER'S DEFENSE THAT HE BELIEVED DECEDENT HAD A WEAPON DURING A DANGEROUS DRUG DEAL AND HIS BODY WAS TAMPERED WITH, EVIDENCE THAT ONE OF THE FIRST DETECTIVES WHO ARRIVED AT THE SCENE WAS RELATED TO THE DECEDENT HAD THE CAPACITY TO CHANGE THE VERDICT IF A NEW TRIAL WERE GRANTED

Our review of these arguments is guided by familiar principles.

"Post conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). There are "four grounds for post-conviction relief: (a) 'substantial denial in the conviction proceedings' of a defendant's state or federal constitutional rights; (b) a sentencing court's lack of jurisdiction; (c) an unlawful sentence; and (d) any habeas corpus, common law, or statutory ground for a collateral attack." Ibid. (quoting State v. Mitchell, 126 N.J. 565, 579 (1992)). PCR cannot be used as a "substitute for direct appeal nor an opportunity to relitigate cases already

6

decided on the merits." Ibid. (internal citations omitted). A defendant bears the burden of establishing a right to post-conviction relief by a "preponderance of the credible evidence." Ibid.

Procedurally, Rule 3:22 limits the mechanism for filing repetitive PCR petitions. In particular, Rule 3:22-4(b) directs that a second or subsequent PCR petition "shall be dismissed" unless the following requirements are satisfied:

> (1) it is timely under R. 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [R. 3:22-4(b).]

Additionally, for a second or subsequent PCR petition to be considered

7

timely under Rule 3:22-12(a)(2), it cannot be filed more than one year after "the date on which the factual predicate for the relief sought was discovered," unless that factual predicate "could not have been discovered earlier through the exercise of reasonable diligence." If the merits to a ground for relief have been adjudicated in either the proceedings that led to the conviction or any subsequent PCR proceedings, that adjudication is "conclusive". R. 3:22-5.

Although the time bar prescribed by Rule 3:22-12(a) can be extended for certain first PCR petitions if the defendant demonstrates "excusable neglect" or that "enforcement of the time bar would result in a fundamental injustice," those extension grounds within the Rule do not apply to the time bar for second or subsequent PCR petitions. State v. Jackson, 454 N.J. Super. 284, 293-94 (App. Div. 2018) (quoting R. 3:22-12(a)(1)(A)).[1] These procedural bars should generally be enforced because of the need to "promote judicial finality." State v. Echols, 199 N.J. 344, 357 (2009) (quoting State v. McQuaid, 147 N.J. 464, 483 (1997)).

---

[1] We recognize the amendments to Rule 3:22-12, which made time bars for second or subsequent PCR petitions more stringent, were adopted in 2009, three years after defendant's trial and conviction. Jackson, 454 N.J. Super. at 292. However, we have held the amended rule is to be applied retroactively, because there is no disturbed vested right in a belated second or subsequent PCR petition. Id. at 294-95.

A trial court's procedural determination to deny a PCR petition without a hearing is reviewed for an abuse of discretion.  State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).  When a PCR court does not hold an evidentiary hearing, its factual and legal conclusions concerning the merits of the petition are reviewed de novo.  State v. Harris, 181 N.J. 391, 421 (2004).

Substantively, the applicable standards for relief from a conviction based on alleged newly discovered evidence are also well-established.  As we noted above, in order for newly discovered evidence to entitle a party to a new trial, that evidence must meet all three prongs of the Carter test and must be:  "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted."  85 N.J. at 314.

Under this test, evidence is deemed "cumulative or impeaching or contradictory" if it "is not of great significance and would probably not alter the outcome of a verdict."  State v. Ways, 180 N.J. 171, 189.  Because the materiality of evidence as it pertains to the "heart" of the case hinges on its potential outcome on the verdict, prongs one and three should be evaluated together.  Ibid;

A-0463-23

State v. Behn, 375 N.J. Super. 409, 431-32 (App. Div. 2005).

"Newly discovered evidence must be reviewed with a certain degree of circumspection to ensure it is not the product of fabrication, and . . . is of sufficient weight that it would probably alter the outcome of the verdict in a new trial." Ways, 180 N.J. at 187-88.

Having applied these procedural and substantive standards through the appropriate prisms of appellate review, we affirm the denial of defendant's third PCR petition, substantially for the sound reasons set forth in the written opinion of Judge Daniel Roberts issued on August 31, 2023. We add only some brief comments.

The PCR court appropriately concluded the procedural requirements of Rule 3:22-4(b) preclude defendant's third PCR petition. His arguments and theory alleging Detective Davis tampered with the victim's body at the crime scene were already made in the second petition, which the trial court denied in 2011. That denial was not appealed. The factual predicates, including the familial relationship of the detective, could have been ascertained long ago "through the exercise of reasonable diligence." R. 3:22-4(b)(2)(B). The procedural bar was correctly enforced, and we discern no constitutional imperative for overriding it.

A-0463-23

Likewise, the PCR court reasonably concluded that defendant's petition failed to establish the right to relief under the Carter test for newly discovered evidence. We reiterate that the detective's familial relationship with the victim could have been reasonably discovered.

In addition, defendant's allegation that Berrios saw the positioning of the victim's body at the crime scene had changed, and his inference that Detective Davis must have moved it, is speculative and uncorroborated. As the PCR judge noted, Berrios stated in a 2021 telephone interview that he had no recollection of seeing Detective Davis at the scene. In addition, Davis himself did not recall being there. No eyewitnesses have been identified who saw the detective remove a gun from the victim. The court was also skeptical of defendant's change of narrative, now claiming he acted in self-defense after first asserting the gun fired accidentally. His "bald assertions" did not justify an evidentiary hearing, let alone a new trial. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

To the extent defendant has made other arguments, they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11